### Sylvanus Glover v. J. W. & J. A. Greenlaw.

*Bounty Money.    Contract.    Pleading.*

The plaintiff's evidence tended to prove that the defendants promised to pay him $300. in consideration that he would become a substitute for a drafted man. The defendants' evidence tended to prove that they were to pay the plaintiff $100. themselves, and, in addition, the bounties that might be paid by the state and by the United States, which were understood by both parties to be $100 each. *Held*, that the fact that the United States paid no bounties to substitutes was no ground for the plaintiff to recover of the defendants in an action of general assumpsit for the $100. expected from the United States.

If the plaintiff had any cause of complaint on account of the manner of his enlistment, so that he was deprived of any bounty from the United States, his remedy would be in a different form of action.

GENERAL ASSUMPSIT, to recover of the defendants, who were partners and doing business as substitute brokers, the sum of $200. which it was alleged they promised to pay the plaintiff in addition to $100. which they had paid him, for becoming a substitute for a man drafted into the military service of the United States. Plea, the

Glover *v.* Greenlaw et al.

general issue, and trial by jury, December Term, 1864, POLAND, Ch. J., presiding. The facts in the case and the charge of the court are sufficiently stated in the opinion. The court having refused to charge as requested, the plaintiff excepted.

*Benjamin H. Steele*, for the plaintiff.

*Geo. N. Dale* and *Edwards & Dickerman*, for the defendants.

The opinion of the court was delivered by

KELLOGG, J. The theory of the plaintiff's case on the trial in the county court was that the defendants promised to pay him three hundred dollars in consideration of his undertaking to allow himself to be disposed of by them as a substitute for a person drafted or to be drafted into the military service of the United States; and it was admitted by him that the defendants paid to him one hundred dollars of this sum, and this action was brought to recover the other two hundred dollars which he claimed to be due to him on this contract. The defendants' evidence tended to prove that their contract with the plaintiff was that they should pay him one hundred dollars themselves, and that he should have, *in addition*, the bounties which might be paid by the state of Maine and the United States, which were understood by both parties to be one hundred dollars each. The plaintiff was hired and disposed of by the defendants as a substitute in the military service of the United States for a person drafted in the state of Maine, or on the quota of the town of Bath in that state under a draft for the same military service; and it was conceded by him that the defendants paid to him one hundred dollars as above mentioned, and that he also received one hundred dollars as bounty from the state of Maine when he was mustered into service. The case was submitted by the court to the jury under a charge which left the question whether the contract was made as claimed by the plaintiff, or as claimed by the defendants, to be determined by the jury from the evidence, and the jury were instructed that the plaintiff was entitled to recover according to his claim if the contract was made as claimed by him, but that if the contract was made as claimed by the defendants, then they were entitled to recover. This charge appropriately met every ground of claim on the part of either of the parties, and no exceptions were taken to it; but the plaintiff further claimed and requested the court to charge the jury

that if the plaintiff was disposed of by the defendants as a substitute for a man who had been drafted, he would not be entitled to any bounty from the United States, and that, therefore, the plaintiff would, in this action, which was an action of general indebitatus assumpsit on the common money counts, be entitled to recover against the defendants for the one hundred dollars of bounty money which it was understood that he would receive from the United States when the contract was made between him and the defendants. The refusal of the court to charge the jury agreeably to this request is now relied on as the ground of exception.

There was no evidence on the trial, so far as the evidence is stated in the bill of exceptions, which tends to show that the plaintiff was disposed of by the defendants against his own consent, or in a manner different from that which was contemplated by the contract; and the fact that no bounty was allowed by the laws of the United States to substitutes would be in no respect inconsistent with the contract which was claimed by the defendants to have been made by them with the plaintiff. Neither would it show, or tend to show, that the defendants became guarantors that the plaintiff should receive any sum as a bounty from the United States. It appeared in evidence that both parties understood that there would be a bounty of one hundred dollars which would be paid by the United States when the plaintiff entered the service, but there was nothing tending to show that the defendants made use of any fraudulent representation or suggestion in respect to this bounty, or that this was any thing else than a mutual mistake in respect to a material fact for which neither party was in any fault. If the contract was as the plaintiff claimed it to be, it would be of no consequence whether any bounty was or was not payable by the United States, and if the contract was made as it was claimed to be by the defendants, it would be equally immaterial whether there was or was not any such bounty; because, in either statement of the contract, there was no undertaking on the part of the defendants to do any thing in respect to the bounty. It was not claimed that the defendants received any sum as bounty, either from the state of Maine or the United States on account of the plaintiff's enlistment, or that the defendants had any control over the bounty which might be payable on account of such enlistment·

Under the contract as claimed by the plaintiff, the undertaking of the defendants to pay him three hundred dollars was absolute, and was not dependent on any question in respect to bounty, and if the plaintiff was enlisted by the defendants in such a manner as deprived him of any claim for a bounty from the United States, and in a manner or service different from that contemplated by his contract, his remedy is not in this form of action, but in a special action upon the contract for the recovery of the damages occasioned to him by the breach of the contract by the defendants. On the plaintiff's theory of the case, the question was whether the defendants had paid to him all which they agreed to pay, and whether they had any money in their hands which rightfully belonged to him. No contract could arise between the parties from the manner in which the plaintiff was enlisted by the defendants; and if the plaintiff has any cause of complaint on that account, he must seek his remedy in some other action. We think that the attention of the jury was properly directed by the court to the real question in the case, and that there was no error in the refusal of the court to charge the jury agreeably to the plaintiff's request.

Judgment of the county court for the defendants affirmed.